UNIVERSAL PERCUSSION, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 92–12–00838

(Decided April 13, 1995)

*Fitch, King and Caffentzis (James Caffentzis)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, United States Department of Justice, *(James A. Curley)* for defendant.

## OPINION

MUSGRAVE, *Judge:* Pursuant to Rule 68 of this Court, plaintiff Universal Percussion ("Universal") seeks attorney fees and filing costs under the Equal Access to Justice Act ("EAJA"), for an action brought against the United States ("the Government"), challenging a denial by the United States Customs Service ("Customs") of protests brought by Universal for, Universal claims, improperly classifying and improperly extending liquidation of entries of merchandise.

## BACKGROUND

Universal imported leather gloves into the United States in a series of entries between 1989 and 1991 which Universal described as "batting gloves," claiming a dutiable rate of 3% *ad valorem* under subheading 4203.21.20 of the Harmonized Tariff Schedule of the United States (HTSUS). Customs extended liquidation of the entries three times in order to obtain information the Government claims it needed for proper classification of the merchandise. *Defendant's Opposition to Plaintiff's Application for Fees and Other Expenses ("Defendant's Opposition"),* at 2; *Plaintiff's Complaint,* at 16–18. The entries in question were liquidated in May of 1992 as "gloves: other" under subheading 4203.29.3010, HTSUS, dutiable at a rate of 14% *ad valorem.* Universal protested claiming the gloves were properly classifiable as entered. In addition, Universal protested the extensions claiming they were not in accordance with 19 U.S.C § 1504(b)(1) and that the entries were therefore deemed liquidated at the rate claimed by Universal by operation of law under 19 U.S.C. § 1504(a).[1] Universal's protest was denied and this action ensued. The parties then entered a stipulated settlement agree-

---

[1] The relevant provisions of 19 U.S.C. § 1504 in effect at the time of entry and extension of liquidation are set forth as follows:

§ 1504 **Limitation on liquidation.**

**(a) Liquidation**

    Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:
        (1) the date of entry of such merchandise;

    \*        \*        \*        \*        \*        \*        \*

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer of record \* \* \*.

ment under which the entries were reliquidated at the rate claimed by Universal at entry. *Stipulated Judgment on Agreed Statement of Facts*, at 5. Universal, as the prevailing party, now claims attorney fees and filing costs for this action.

## DISCUSSION

Awards of attorney fees are governed by the EAJA, 28 U.S.C. § 2412(d)(1)(A), which is set forth as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1988).

The United States Supreme Court, in *Pierce v. Underwood*, 487 U.S. 552 (1988), has interpreted substantial justification as follows:

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce v. Underwood*, 487 U.S. at 565 (1988).

The Government argues that its position had a reasonable basis in law and fact and was therefore substantially justified. *Id.* at 6. The Government asserts that liquidation was extended in order to await information the import specialist believed would affect classification of the imported gloves. *Id.* at 5. Whether this information was needed, argues the Government, depended on (1) whether the information would show that the imported gloves were of the type used by drummers rather than baseball players; and (2) whether information already in the possession of the import specialist clearly showed that the gloves were or were not of the type used by baseball players. This, argues the Government, amounts to a reasonable factual basis. *Id.* at 6.

The Government further argues that it had a reasonable basis in the law for extending the liquidation. The Government asserts that, under *St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763 (Fed. Cir.

(b) **Extension**
The Secretary may extend the period in which to liquidate an entry by giving notice of such extension to the importer of record in such form and manner as the Secretary shall prescribe in the regulations, if—
(1) information needed for the proper appraisement or classification of the merchandise is not available to the appropriate customs officer; * * * * * *

1993), it had a reasonable expectation that information sought in the investigation would affect classification and would be forthcoming. *Defendant's Memorandum.* at 6. Thus, argues the Government, it properly extended the liquidation. *Id.*

Lastly, the Government argues that whether its interpretation of the law and facts was correct is not the test for whether it was substantially justified, citing *Pierce* as follows:

> [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Pierce v. Underwood,* 487 U.S. at 566 n. 2. The Government asserts that regardless of whether its position was factually and legally correct, its action was reasonable and substantially justified. *Defendant's Memorandum* at 7.

A settlement agreement was stipulated to by the Government at the rate claimed by Universal Percussion. That there was a such a stipulation is not, in and of itself, enough for a court to say that the Government was not substantially justified in its position in this action. In *Pierce,* the Supreme Court had this to say regarding settlements:

> Respondents contend that the lack of substantial justification for the Government's position was demonstrated by its willingness to settle the litigation on unfavorable terms. Other factors, however, might explain the settlement equally well—for example, a change in substantive policy instituted by a new administration. The unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position. To hold otherwise would not only distort the truth but penalize and thereby discourage useful settlements.

*Pierce v. Underwood,* 487 U.S. at 568. In this case, however, the Government, in its arguments against an award of attorney fees, gives the reasons for its settlement, to wit: "because the entries were *deemed liquidated* at the rate asserted by Universal at the time of entry (emphasis added)." *Defendant's Memorandum* at 3. The Government adds that "[t]he basis for the defendant's agreement was that while the import specialist acted in a reasonable manner, liquidation nevertheless should not have been extended for the purpose of obtaining additional information which was likely to affect the classification of the gloves." *Id.* at 3. The Court finds these statements simply to be an admission that no information was needed for the proper classification of the merchandise, as required for a proper extension under 19 U.S.C. §§ 1504(b)(1); in other words, that there was no reasonable basis in law and fact to extend the liquidation as stated, hence the extension was not lawful under 19 U.S.C. § 1504(1)(b). *See also St. Paul Fire & Marine Ins. Co. v. United States,* 6 F.3d 763 (Fed. Cir. 1993). Yet the Government goes on to assert that it is not clear from § 1504(b)(1) whether such information was

needed for proper classification of merchandise. *Defendant's Memo.* at
4. The Government is merely talking out of both sides of its mouth at the
same time. As the Government correctly points out, the Court, in this
application for fees, is to decide whether the Government was substan-
tially justified, *i.e.,* "if a reasonable person could think it correct, that is,
if it has a reasonable basis in law and fact." To argue, on the one hand,
that there was reasonable basis in law and fact that information was
needed, while, on the other hand, admitting that information was not
needed, and that liquidation should not have been extended, seems to
this Court to be so completely contradictory that it clearly demonstrates
the unreasonableness of the Government's position in the first
instance.

The Government claims there were special circumstances in that it
was advancing a novel theory of the law. The Court finds that no theory
was *advanced* by the Government. The government did not advance be-
fore the Court, to decide on the merits, the novel theory of whether
information was "needed" under 19 U.S.C. § 1504(b)(1). It simply stipu-
lated to Universal's challenge. Only now, after it is too late for a court to
decide on the merits the correctness of its position, does the Govern-
ment assert a theory of law. An assertion of a theory of law in defense of a
position against attorney fees, after a case has been stipulated to, and, as
a result of the stipulation, after a court no longer has the opportunity
decide such case on the merits, does not amount to *advancing* a theory of
law. No one benefits from a stipulation but the immediate parties to the
action. No one need know the basis of such stipulation, or how the par-
ties benefitted. Accordingly, the Government's claim of special circum-
stances is without merit.

The Court having found the government not to be substantially justi-
fied in its position, and having found an absence of special circum-
stances, thus warranting an award of attorney fees in principle, next
turns to the issue of reasonable attorney fees. 28 U.S.C. § 2412(d)(2)
states:

> (A) "fees and other expenses" includes * * * reasonable attorney
> fees (The amount of fees awarded under this subsection shall be
> based upon prevailing market rates for the kind and quality of the
> services furnished, except that * * * (ii) attorney fees shall not be
> awarded in excess of $75 per hour unless the court determines that
> an increase in the cost of living or a special factor, such as the limited
> availability of qualified attorneys for the proceedings involved, jus-
> tifies a higher fee.).

28 U.S.C. § 2412(d)(2) (1988). 28 U.S.C. § 2412(d)(1)(C) further
provides:

> The court, in its discretion, may reduce the amount to be awarded
> pursuant to this subsection, or deny an award, to the extent that the
> prevailing party during the course of the proceedings engaged in

conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(C) (1988).

The Government argues that it requested Universal to submit a proposed stipulation at the rate claimed by Universal shortly after it filed its answer, but that Universal elected to pursue discovery—which, argues the Government, accounts for most of the fees requested. *Defendant's Memorandum*, at 8–9. In so electing, the Government argues that Universal protracted final resolution of the case and needlessly increased the costs for both sides. *Id.* Moreover, argues the Government, much of the time charged by Universal (21 hours) was devoted to preparing a motion for summary judgment which was never submitted and therefore did not advance the case to final resolution. *Id.* Accordingly, the Government asks that the Court deny any award for fees and expenses, or reduce the award by disallowing fees for work done on discovery and summary judgment preparation. *Id.* at 10.

Universal argues that it was forced to conduct discovery to obtain concessions because the Government filed an answer adhering to its original classification decision even after it had modified its original position in a Headquarters Ruling Letter. *Plaintiff's Reply to Defendant's Opposition to Plaintiff's Application for Fees and Other Expenses (Plaintiff's Reply)*, at 4–5. Universal further argues that the usual stipulation procedure suggested by the Government was not a sufficient remedy for all of its entries, as the Government only sought stipulation on the deemed liquidation issue which was not involved in all of Universal's entries. *Id.* at 5–6.

The Court finds that Universal did not unreasonably protract final resolution of this case. Universal's conduct was nothing more than an effort to preserve its legal options after the case had been joined. As to the rate charged by Universal's attorneys, the Court finds no special factors which would justify an award in excess of the $75 per hour statutory rate, Nothing was put before the Court to support the claimed $275 per hour rate. The statutory rate shall, therefore, be applied to the full amount of time claimed by Universal (53.25 hours), for an award of $3,993.75.

Lastly, plaintiff claims the costs of $120 for filing its action with this Court. Filing fees are recoverable to the prevailing party under 28 U.S.C. § 2412(a). The Court finds an award for filing fees justified for the same reasons as an award for attorney fees.

CONCLUSION

For the foregoing reasons the Court finds an award for fees and costs justified. Universal's application for attorney fees is, therefore, granted, but at the statutory rate of $75 per hour for the full amount of time claimed by Universal, for an award of 3,993.75. In addition, this Court awards the cost involved in filing this action, $120, for a total award of $4,113.75.